## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| ALTA MESA RESOURCES, INC., *et al.*, | § | **Case No. 19-35133 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| ———————————————— | § | |
| | § | |
| WELLS FARGO BANK, N.A., as | § | |
| Administrative Agent, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adv. Proc. No. 20-03170** |
| | § | |
| B.O.P. RAM-BLOCK & IRON RENTALS, | § | |
| INC; BASIC ENERGY SERVICES, LP; | § | |
| BRONCO OILFIELD SERVICES, INC.; | § | |
| CATHEDRAL ENERGY SERVICES, INC.; | § | |
| COMPLETE ENERGY SERVICES, INC.; | § | |
| FIELDPOINT ENERGY SERVICES, LLC; | § | |
| FLOWCOPRODUCTION SOLUTIONS, LLC; | § | |
| HALLIBURTON ENERGY SERVICES, INC.; | § | |
| HAMILTON ENGINEERING, INC.; KODIAK | § | |
| GAS SERVICES, LLC; MUSTANG HEAVY | § | |
| HAUL, LLC; OIL PATCH GROUP, INC.; | § | |
| PANTHER DRILLING SYSTEMS, LLC; QES | § | |
| PRESSURE PUMPING LLC; SIMONS | § | |
| PETROLEUM, LLC, SPINNAKER OILFIELD | § | |
| SERVICES COMPANY, LLC; STEVENS | § | |
| TRUCKING CO.; SUMMIT ESP, LLC; | § | |
| TENARIS GLOBAL SERVICES (USA) | § | |
| CORPORATION; TETRA TECHNOLOGIES, | § | |
| INC.; THRU TUBING SOLUTIONS, INC.; | § | |
| VALENCE DRILLING FLUIDS, LLC, | § | |
| | § | |
| Defendants. | § | |
| ———————————————— | § | |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The Debtors' mailing address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

**SIMONS PETROLEUM, LLC'S ANSWER TO WELLS FARGO BANK, N.A.'S**
**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT TO**
**DETERMINE EXTENT, VALIDITY, AND PRIORITY OF CERTAIN LIENS**

Simons Petroleum, LLC ("Simons" or "Defendant"), by and through the undersigned counsel, hereby files this answer (the "Answer") to the *Complaint and Request for Declaratory Judgment to Determine Extent, Validity, and Priority of Certain Liens* [Docket No. 1] (the "Complaint") filed in the above-captioned adversary proceeding by Wells Fargo Bank, N.A., as Administrative Agent ("Wells Fargo" or "Plaintiff"), and respectfully shows as follows:[2]

## I.     PARTIES

1.     In response to the allegations in Paragraph 1, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

2.     In response to the allegations in Paragraph 2, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

3.     In response to the allegations in Paragraph 3, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

4.     In response to the allegations in Paragraph 4, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

5.     In response to the allegations in Paragraph 5, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

6.     In response to the allegations in Paragraph 6, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

7.     In response to the allegations in Paragraph 7, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Complaint.

8.      In response to the allegations in Paragraph 8, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

9.      In response to the allegations in Paragraph 9, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

10.      In response to the allegations in Paragraph 10, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

11.      In response to the allegations in Paragraph 11, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

12.      In response to the allegations in Paragraph 12, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

13.      In response to the allegations in Paragraph 13, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

14.      In response to the allegations in Paragraph 14, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

15.      In response to the allegations in Paragraph 15, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

16.      Defendant denies that it is a Texas limited liability company and that "Joshua N. Eppich, Simmons [sic] Petroleum, LLC, 4200 Throckmorton St., Suite 1000, Fort Worth, Texas 76102-3727" is its registered agent for service of process.  Defendant is an Oklahoma limited liability company and Joshua N. Eppich, Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton Street, Suite 1000, Fort Worth, TX 76102, is the attorney of record for Defendant in the above-captioned Chapter 11 bankruptcy cases. Defendant otherwise admits the allegations in Paragraph 16.

17.     In response to the allegations in Paragraph 17, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

18.     In response to the allegations in Paragraph 18, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

19.     In response to the allegations in Paragraph 19, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

20.     In response to the allegations in Paragraph 20, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

21.     In response to the allegations in Paragraph 21, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

22.     In response to the allegations in Paragraph 22, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

23.     In response to the allegations in Paragraph 23, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

## II.     **JURISDICTION**

24.     In response to the allegations in Paragraph 24, Defendant admits that this adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

25.     In response to the allegations in Paragraph 25, Defendant admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

26.     In response to the allegations in Paragraph 26, Defendant admits venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

27.     In response to the allegations in Paragraph 27, Defendant admits this Court has jurisdiction pursuant to 28 U.S.C. § 2201.

28.     Paragraph 28, of the Complaint, as Plaintiff's statement of consent, does not contain allegations which require an admission or denial. In addition, Defendant consents to entry of final orders or judgment by the Bankruptcy Court and consents to the entry of final orders or judgment by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

### III.     NATURE OF ACTION

29.     Paragraph 29 asserts a legal conclusion to which no response is required.  To the extent a response is required or appropriate, Defendant admits that the Complaint asserts an action under the cited provisions of federal law but denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein.

30.     Paragraph 30 asserts a legal conclusion to which no response is required.  To the extent a response is required or appropriate, Defendant denies the allegations and denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein.

31.     Paragraph 31 asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, Defendant denies the allegations and denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein.

### IV.     BACKGROUND AND GENERAL ALLEGATIONS

32.     Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33, the record of the Debtors' bankruptcy cases and the documents filed therein speak for themselves; any characterization thereof is denied.  As to the

remaining allegations in Paragraph 33, Defendant is without sufficient information to admit or deny the allegations, and therefore, they are denied.

34.     Defendant lacks knowledge upon which to admit or deny Paragraph 34 of the Complaint, and therefore denies same. Defendant further responds that the record of the Debtors' bankruptcy cases and the documents filed therein speak for themselves; any characterization thereof is denied.

35.     Defendant lacks knowledge upon which to admit or deny Paragraph 35 of the Complaint, and therefore denies same.

36.     Paragraph 36 asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, Defendant denies the allegations and asserts that the referenced documents speak for themselves. Alternatively, Defendant lacks knowledge upon which to admit or deny Paragraph 36 of the Complaint, and therefore denies same.

37.     Paragraph 37 asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, Defendant denies the allegations and asserts that the referenced documents speak for themselves. Alternatively, Defendant lacks knowledge upon which to admit or deny Paragraph 37 of the Complaint, and therefore denies same.

38.     Paragraph 38 asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, Defendant denies the allegations and asserts that the referenced documents speak for themselves. Alternatively, Defendant lacks knowledge upon which to admit or deny Paragraph 38 of the Complaint, and therefore denies same.

39.     Defendant admits that it has a statutory lien against portions of the Debtors' collateral under Oklahoma law and/or pursuant to the Bankruptcy Code for outstanding payments owed by the Debtors to Defendant as asserted in the first sentence of paragraph 39 of the Complaint.  The remainder of the allegations in paragraph 39 contain a recitation of legal

authorities to which no response is required, but to the extent a response to these allegations is required or appropriate, Defendant states that the assertions appear to be a generally accurate recitation of the cited authorities.

40.     Defendant denies the allegations in paragraph 40 of the Complaint, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein.

41.     Paragraph 41 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.[3]

42.     Paragraph 42 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.

43.     Defendant lacks knowledge upon which to admit or deny the allegations in paragraph 43 of the Complaint, and therefore denies same. Alternatively, Paragraph 43 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required or appropriate, the Defendant denies the allegations.

---

[3] For the avoidance of doubt, to the extent any response to "Exhibit A" attached to the Complaint is required or appropriate, the Defendant denies the allegations. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies the allegations in the referenced "Exhibit A."

44.      Paragraph 44 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.

## V.      <u>DECLARATORY JUDGMENT CLAIMS</u>

45.      In response to paragraph 45 of the Complaint, the Defendant incorporates its responses to the preceding paragraphs.

46.      Paragraph 46 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.

47.      Paragraph 47 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.[4]

---

[4] For the avoidance of doubt, to the extent any response to "Exhibit A" attached to the Complaint is required or appropriate, Defendant states that it lacks knowledge upon which to admit or deny the allegations as they relate to the Defendant, and therefore denies the allegations.  Alternatively, Defendant denies the allegations contained in paragraph 47 of the Complaint and the referenced "Exhibit A."

48.      Paragraph 48 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.

49.      Paragraph 49 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.

50.      In response to paragraph 50 of the Complaint, the Defendant incorporates its responses to the preceding paragraphs.

51.      Paragraph 51 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, the Defendant denies the allegations, denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.[5]

52.      Paragraph 52 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required or appropriate, the Defendant denies the allegations,

---

[5] For the avoidance of doubt, to the extent any response to "Exhibit B" attached to the Complaint is required or appropriate, Defendant denies the allegations.

denies that it committed any acts or actions that would support any claim of the Complaint, and denies that Plaintiff is entitled to any damages or other relief as set forth therein. Alternatively, the Defendant lacks knowledge upon which to admit or deny the allegations, and therefore denies same.

## VI.    PRAYER

Defendant denies that it committed any acts or actions that would support any claim of the Complaint as to Defendant and denies that Plaintiffs are entitled to any of the relief they request in the Complaint as to Defendant. Alternatively, these allegations as to Defendant are legal conclusions to which no response is required. Defendant is without sufficient information to admit or deny the allegations as to the remaining defendants, and therefore, they are denied.

### General Denial

To the extent Defendant has not answered any allegation within the Complaint, Defendant denies any and all such allegations.

### Affirmative Defenses

1.     Plaintiff is barred from recovery by reason of the Debtors' and/or Plaintiff's own conduct or the conduct of persons or entities whose conduct is otherwise imputed to the Debtors and/or Plaintiff.

2.     Plaintiff's Complaint is barred in whole or in part by the doctrine of laches, waiver, estoppel, unclean hands, setoff, and/or recoupment.

3.     Defendant reserves the right to amend its Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

Having fully answered, Defendant respectfully denies that Plaintiff is entitled to judgment in any amount and respectfully requests that this Court enter an Order dismissing the Complaint with prejudice and granting such other and further relief as the Court finds warranted.

Dated: July 1, 2020                              Respectfully submitted,

                                                 */s/ Joshua N. Eppich*
                                                 Joshua N. Eppich
                                                 State Bar I.D. No. 24050567
                                                 Bryan C. Assink
                                                 State Bar I.D. No. 24089009
                                                 J. Robertson Clarke
                                                 State Bar I.D. No. 24108098
                                                 BONDS ELLIS EPPICH SCHAFER JONES LLP
                                                 420 Throckmorton Street, Suite 1000
                                                 Fort Worth, Texas 76102
                                                 (817) 405-6900 telephone
                                                 (817) 405-6902 facsimile
                                                 Email: Joshua@bondsellis.com
                                                 Email: Bryan.Assink@bondsellis.com
                                                 Email: Robbie.Clarke@bondsellis.com

                                                 ATTORNEYS FOR SIMONS PETROLEUM, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on July 1, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

                                                 */s/ J. Robertson Clarke*
                                                 J. Robertson Clarke